UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

J.D.'s Lounge, Inc.,
a corporation,

    Debtor,                                  Case No: 05-72217
                                                      Honorable Victoria A. Roberts

Hubbards Path Associates,

    Appellant

vs

Estate of J.D. Lounge, Inc.,

    Appellee.
_____/

## ORDER

**I.  INTRODUCTION**

The Appellant challenges the Bankruptcy Court's Order which granted the trustee's motion to sell the debtor's liquor license and the Bankruptcy Court's order which denied reconsideration of that order.  For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's orders; Appellant's motion is **DENIED**.

**II.  BACKGROUND**

Appellant Hubbard's Path Associates' appealed a Bankruptcy Court order which allowed the Appellee, trustee of the Estate of J.D.'s Lounge, Inc., to sell a liquor license.  J.D.'s Lounge was operated by Kathie Harris; she inherited the bar from her father.  The Appellant owns the building in which J.D.'s Lounge was located.  The original lease to

1

J.D.'s Lounge expired on September 30, 2001 and was not renewed. Kathie Harris continued to make rent payments but allegedly accrued an arrearage of over $40,000.

J.D.'s Lounge filed a petition for chapter 11 bankruptcy on January 28, 2003. Because a viable reorganization plan could not be reached, the Bankruptcy Court converted the action to chapter 7 on November 7, 2003. J.D.'s Lounge ceased operation. The liquor license was placed in escrow by the trustee. Since the trustee did not assume the lease of the premises, the liquor license was the estate's only valuable asset.

The trustee discussed the purchase of the liquor license with several interested parties. The trustee received three written offers to purchase the license. However, only Samurai Steakhouse's offer included the required deposit. On March 27, 2005, the trustee filed a motion for authority to sell the liquor license outside of the ordinary course of business, free and clear of all liens and claims. Additionally, the motion contained notice of auction to be held on April 13, 2005. The Appellant filed an objection on April 6, 2005 claiming it would be irreparably harmed since it would be nearly impossible to lease the premises without the liquor license unless it made costly renovations. The objections were sent to the interested parties, including those that submitted written offers. The motion was granted on May 2, 2005. The Appellant filed a motion for reconsideration on May 12, 2005. It was denied on May 24, 2005.

The trustee did not advertise the auction. Instead, he solicited offers from the interested parties who contacted him looking for liquor licenses. The Appellant also directed interested individuals to contact the trustee; it was looking for an individual that would purchase the license and the premises together. No one appeared for the

auction.  Subsequently, the trustee sold the liquor license to Samurai Steakhouse.  The sale was subject to Bankruptcy Court and Michigan Liquor Control Commission approval.

### III.   STANDARD OF REVIEW

"[T]he district court reviews the bankruptcy court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous."  *In re Made in Detroit*, 414 F.3d 576, 580 (6th Cir. 2005).  Whether a purchaser acts with good-faith is a mixed question of law and fact.  *Id.*

### IV.   APPLICABLE LAW AND ANALYSIS

In this appeal, the Appellant argues that the sale of the liquor license was not in the best interest of the estate because it was not for a fair and reasonable price and it was not in good- faith.  The Appellant claims there was a written offer for $5000 more than the $55,000 paid by Samurai Steakhouse.  Additionally, the Appellant contends that failure to advertise evidences bad-faith.

The Appellee claims the action is moot under a bankruptcy statute.  Additionally, the Appellee points out that the Appellant failed to articulate any collusion or specific evidence of bad-faith.  Further, Appellee contends, the bankruptcy court, following a hearing, did not find bad-faith or unreasonableness on the trustee's part.

"Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets."  *In re Made in Detroit*, 414 F.3d at 580.  Specifically, 11 USC § 363(m) provides:

> The reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease of property does not
> affect the validity of a sale or lease under such authorization to an entity

> that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Section 363(m) "limits appellate review of a consummated sale regardless of the merits of legal arguments raised against it." *In re Gucci*, 126 F.3d 380, 392 (2nd Cir. 1997). The purpose of "bankruptcy mootness" as provided by subsection 363(m) is to protect the reasonable expectations of good-faith purchasers by assuring the finality of a bankruptcy sale. *In re Made in Detroit*, 414 F.3d at 581. "To show lack of good-faith, the debtor must demonstrate that there was fraud or collusion between the purchaser and the seller or the other bidders, or that the purchaser's actions constituted an attempt to take grossly unfair advantage of other bidders. The good-faith requirement speaks to the integrity of the purchaser's conduct in the course of the sale proceedings." *Id*. Thus, to determine if this case is moot, the Court must consider the purchaser's good faith.

In passing only, and to survive the bankruptcy mootness argument, the Appellant challenges the good-faith of the trustee. It contends that the trustee: (1) did nothing to solicit bids; (2) offered the liquor license when Samurai Steakhouse called the trustee to inquire about a different liquor license; (3) ignored other bids; (4) did not inform anyone that the auction would go on in the face of objections; and (5) cancelled the auction and awarded the license to Samurai Steakhouse. [Appellant's Brief, p. 8].

The Appellee counters that while he did not publish the notice of auction, he spoke with at least 11 interested parties regarding the liquor license. [Transcript, p. 11]. He claims he did not ignore other bids, but required bidders to include a $5000 deposit,

4

to ensure serious bidders only. Samurai Steakhouse was the only purchaser to do so. While there was a bidder that offered $60,000, $5000 more than Samurai Steakhouse, that bidder did not include a deposit.

Additionally, the Appellee notes that the Appellant failed to make any allegations of fraud or collusion on the part of the *purchaser*.

The bankruptcy court found the sale was conducted properly. [Transcript, p. 17-18]. The court also held the sale was in the best interest of the estate and complied with Section 363. [Transcript, p. 19].

This Court finds that Samurai Steakhouse is a good-faith purchaser. Further, the sale was conducted reasonably. Despite the Appellant's claims that the trustee did nothing to solicit bids, the record speaks to the contrary. The trustee informed Samurai Steakhouse about J.D.'s liquor license and solicited an offer. In addition, the trustee spoke with all other interested parties and sent the proper notices of the bidding requirements and the objections filed by Appellant. [Transcript, p. 18].

Importantly, § 363(m) requires the *purchaser* to act in good-faith. The Appellant failed to make any allegations of wrong doing on the part of the purchaser, Samurai Steakhouse. Even if the sale was not adequately publicized, that would be the fault of the trustee, not the purchaser.

Pursuant to 11 USC § 363(m), because the Appellant failed to obtain a stay following authorization of the sale of the liquor license, and Samurai Steakhouse purchased the liquor license in good-faith, this appeal is moot.

**V.     CONCLUSION**

5

For the foregoing reasons, the Court **AFFIRMS** the grant of the trustee's motion for authority to sell J.D. Lounge's liquor license.

**IT IS SO ORDERED.**

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated:  November 10, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 10, 2005.

s/Linda Vertriest
Deputy Clerk

---